UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy L Wright, | ) | C/A No. 5:17-cv-03292-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Partial Dismissal) |
| Lieutenant Alfred Grant, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Timothy Wright ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendant violated his constitutional rights. This matter is before the court on Defendant's Motion to Dismiss the Complaint in part. ECF No. 18. As Plaintiff is proceeding pro se, the court entered a *Roseboro* Order[1] on February 20, 2018, advising Plaintiff of the importance of such a motion and of the need for him to file an adequate response. ECF No. 20. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on February 23, 2018, ECF No. 25, to which Defendant replied on March 6, 2018, ECF No. 27. On March 12, 2018, Plaintiff filed a Sur Reply to Defendant's Motion. ECF No. 31. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion is dispositive as to two claims in the Complaint, a Report and Recommendation is entered for the court's review.

I.      Background

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff asserts an excessive-force claim under the Eighth Amendment and the South Carolina Torts Claim Act ("SCTCA")[2] against Defendant arising from a gassing incident at Lieber Correctional Institution on November 22, 2016. He sues Defendant in his official and individual capacities and seeks damages and declaratory and injunctive relief.

Defendant moves to partially dismiss the Complaint to the extent that it sues him for damages in his official capacity and to the extent that it states a SCTCA claim against him.

II.    Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

---

[2] Although Plaintiff does not explicitly assert that he sues under the SCTCA, such claim may be reasonably inferred from the factual allegations. This court is required to liberally construe a pro se pleading and draw all reasonable inferences in the pro se litigant's favor. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Jones v. Best Buy*, No. 6:16-cv-00004, 2016 WL 6471256, at * 4 (W.D. Va. Nov. 1, 2016) (liberally construing racial discrimination claims "[a]lthough plaintiff does not expressly state such claims"). Defendant argues that a SCTCA claim may be construed from the pleading and Plaintiff does not deny that.

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

It must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At

this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all *reasonable inferences* therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc*., 95 F.3d 325, 327 (4th Cir. 1996) (emphasis added).

Dismissal under 12(b)(6) is generally regarded as appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *McNair*, 95 F.3d at 328 (noting that the proper question is whether in the light *most favorable to the plaintiff*, the complaint states any valid claim for relief); *Food Lion*, 887 F. Supp. at 813. Stated differently, the issue is not whether the plaintiff will ultimately prevail on his claim, but whether he is entitled to offer evidence to support the claim. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989).

III.    Discussion

A.    Eleventh Amendment Immunity for Official Capacity Claims

Defendant contends that he is entitled to immunity from Plaintiff's Eighth Amendment damages claim against him in his official capacity because he is a state officer. ECF No. 18. Plaintiff responds by arguing the merits of his excessive-force claim and denying that Defendant should be granted any form of immunity because of his wrongdoing. ECF No. 25.

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

4

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a part of the SCTCA which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

With regard to claims against a state employee or official in his or her official capacity, the law is clear that the employee or official is entitled to Eleventh Amendment immunity from damage claims brought against them. This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because Defendant was an agent or employee of SCDC, an arm of the State of South Carolina, when acting in his official capacity, he is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). As an arm of the State, Defendant, in his official capacity, is immune from suit under the Eleventh

Amendment. Accordingly, the undersigned recommends that the District Court grant Defendant's Motion to Dismiss the official capacity damages claims.[3]

  B.  SCTCA Employee Immunity

Defendant contends that he is entitled to immunity from any SCTCA claim that may be construed under the absolute employee immunity provided under that Act for employees who are sued for conduct performed in the course and scope of their duties. ECF No. 18. Plaintiff argues the merits of his Eighth Amendment claim and asserts that Defendant should not be entitled to immunity because of his wrongdoing. ECF No. 25. In light of Defendant's contentions and Plaintiff's lack of objection, the undersigned liberally construes the Complaint as stating a plausible SCTCA claim against Defendant. *See supra* note 1.

The SCTCA "constitutes the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). Under the SCTCA, government employees such as Defendant are immune from liability for tortious acts committed within the scope of their official duties. *See, e.g.,* S.C. Code Ann. § 15-78-70(c); *Proveaux v. Med. Univ. of S.C.*, 482 S.E.2d 774 (S.C. 1997) (granting summary judgment to hospital employee based on his being immune from suit under S.C. Code Ann. § 15-78-70(c)); *Flateau v. Harrelson*, 584 S.E.2d 413 (S.C. Ct. App. 2003) (finding government employees could not be held liable for alleged misconduct within scope of official duties). Here, Plaintiff clearly asserts that Defendant was acting within the course and scope of his employment when the alleged use of force occurred. As such, he is entitled to

---

[3] A state actor is not immune in his/her official capacity from an action for injunctive relief. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 632, 635 (D.S.C. 2010). Accordingly, Plaintiff's declaratory and injunctive relief claims against Defendant in his official capacity should remain pending.

dismissal of Plaintiff's SCTCA claim. Therefore, the undersigned recommends that the district court grant Defendant's Motion to Dismiss the SCTCA claim.

IV.    Recommendation

It is recommended that the District Court grant Defendant's Motion to Dismiss, ECF No. 18, and that it partially dismiss the Complaint to the extent that it contains an official capacity Eight Amendment claim for damages and to the extent that it contains a SCTCA claim against Defendant.

April 18. 2018
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).