IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Timothy L. Wright, | ) | |
| | ) | C/A No. 5:17-3292-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Alfred Grant, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Timothy L. Wright, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On April 18, 2018, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that the Defendant's Partial Motion to Dismiss (ECF No. 18) be granted. (ECF No. 43).[1] Plaintiff timely filed objections to the Report. (ECF No. 50).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Defendant filed a partial motion to dismiss seeking the dismissal of claims for money damages against him in his official capacity based on Eleventh Amendment immunity and any potential claims brought under the South Carolina Tort Claims Act. ("SCTCA"). (ECF No. 18). Plaintiff filed a response opposing the motion (ECF No. 25). Defendant subsequently filed a reply (ECF No. 27), and Plaintiff filed a sur-reply (ECF No. 31). In her Report, the magistrate judge recommends granting Defendants' motion. (ECF No. 43 at 7). As noted above, Plaintiff timely filed objections to the Report. (ECF No. 50).

**Eleventh Amendment Immunity**

In her Report, the magistrate judge found that Plaintiff's claims against Defendant in his official capacity should be dismissed based on Eleventh Amendment immunity. (Report at 6). In his objections, Plaintiff argues that Eleventh Amendment immunity should not bar his claims against Defendant in his official capacity. (ECF No. 50 at 8). However, Plaintiff's objections are without merit. Under the Eleventh Amendment, states as well as their agencies and departments are immune from suits in federal court brought by their citizens or the citizens of another state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation. For the purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003) (citations omitted). A suits against a state defendant in his official capacity is construed as a suit against the office itself, and so sovereign immunity precludes such a suit for damages. *Will*, 491 U.S. at 71.

However, the Eleventh Amendment does not bar "an award of damages against an official in his personal capacity [that] can be executed only against the official's personal asserts." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff has stated he is suing Defendant in both his personal and official capacities. (Compl. at 3). To the extent Defendant is sued in his official capacity for money damages, as the Magistrate judge determined, that claim is barred by the Eleventh Amendment and thus is dismissed.[2] Plaintiff's claims against Defendant in his individual capacity remain pending.

**SCTCA**

In her Report, the magistrate judge recommends the court dismiss any claims made pursuant to the SCTCA. (Report at 6-7). In his objections, Plaintiff states that "his allegations is (sic) not addressed in any state court terms." (ECF No. 50 at 9). The court could construe this to mean Plaintiff has not alleged a state claim. However, out of an abundance of caution, the court will nonetheless address the Report and its recommendation to dismiss any claims brought pursuant to the SCTCA.

Under the SCTCA, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is generally not liable, and the plaintiff must sue the governmental agency itself. *See* S.C. Code Ann. § 15-78-70(a). However, if the plaintiff proves that "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude," then the governmental agency is not liable, and the employee is personally liable. S.C. Code Ann. § 15-78-

---

[2]The Eleventh Amendment does not prevent private individuals from bringing a suit against State officials for prospective injunctive relief or declaratory relief for ongoing violations of federal law. *See, e.g., Equity In Athletics, Inc. v. Dep't. of Educ.*, 639 F.3d 91, 107 n.13 (4th Cir. 2011).

70(17). *See also Moody v. Darnell*, 2010 WL 297810, at *3 (D.S.C. January 21, 2010); *Moore by Moore v. Berkeley County School Dist.*, 486 S.E.2d 9, 11 (S.C. App. 1997).[3] In her Report, the magistrate judge states that Plaintiff has alleged that Defendant was acting within the course and scope of his employment when the alleged excessive force occurred. (Report at 6). In his Complaint, however, Plaintiff alleges the Defendant maliciously and sadistically. (ECF No. 1 at 3, 7). Moreover, in his objections, Plaintiff alleges that Defendant acted maliciously and intended to inflict harm, which would have been outside the scope of his employment. (ECF No. 50 at 8). *See Price v. Montgomery*, No. 4:05-cv-3309-RBH, *5 n.7, 2007 WL (Dec. 7, 2007 D.S.C.). Accordingly, the courts declines to adopt the recommendation to dismiss any potential SCTCA claims.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report in part (ECF No. 43). Defendant's Partial Motion to Dismiss (ECF No. 18) is **GRANTED in part**, and **DENIED in part**; and only Plaintiff's official capacity claim for damages is dismissed.

**IT IS SO ORDERED.**

s/ Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 7, 2018

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3]The court notes that after the Report was filed, Plaintiff was allowed to supplement his complaint by adding eight factual allegations. (ECF No. 52). The court has reviewed the supplement (ECF No. 1-3), and finds it has no impact on the issues addressed in the Report or this Order.